UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN T. WILLIAMS,<br><br>               Plaintiff,<br><br>      -against-<br><br>PREET BHARARA (USAO), et al.,<br><br>               Defendants. | 18-CV-5567 (CM)<br><br>18-CV-5970 (CM)<br><br>ORDER |
| JOHN T. WILLIAMS,<br><br>               Plaintiff,<br><br>      -against-<br><br>PREET BHARARA (USAO), et al.,<br><br>               Defendants. | |

COLLEEN McMAHON, United States District Judge:

By order and judgment dated December 21, 2018, and entered on December 26, 2018, the Court dismissed these actions without prejudice because Plaintiff is barred, under 28 U.S.C. § 1915(g), from bringing civil actions in federal court *in forma pauperis* as a prisoner. Plaintiff has appealed the dismissal of these actions and his appeals are pending. *See Williams v. Bharara (USAO)*, Nos. 19-247, 19-248 (2d Cir.) On February 12, 2019, Plaintiff filed in this Court, in both actions, a "Motion to Consolidate Two Cases into One and File Amended Complaint to this Case." *Williams v. Bharara*, No. 18-CV-5567 (CM) (ECF No. 9); *Williams v. Bharara*, No. 18-CV-5970 (ECF No. 9). On February 20, 2019, Plaintiff also filed a letter and a proposed amended complaint. *Williams*, No. 18-CV-5567 (ECF Nos. 10-11); *Williams*, No. 18-CV-5970 (ECF Nos. 10-11).

The Court construes Plaintiff's motion and subsequently filed submissions as one motion

seeking relief from the Court's December 21, 2018 order of dismissal and judgment under Rule

60(b) of the Federal Rules of Civil Procedure.[1] For the reasons discussed below, the Court denies

the motion.[2]

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in
> time to move for a new trial under Rule 59(b); (3) fraud (whether previously
> called intrinsic or extrinsic), misrepresentation, or other misconduct of an
> opposing party; (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment that has been
> reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Even under a liberal interpretation of the motion, Plaintiff has failed to allege facts

demonstrating that any of the grounds listed in Rule 60(b)(1) through (5) apply. Accordingly, the

Court denies Plaintiff relief under Rule 60(b)(1) through (5).

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in

clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v.*

---

[1] According to the website of the Federal Bureau of Prisons ("BOP"), www.bop.gov, the BOP released Plaintiff from custody on March 27, 2019. Thus, it appears that Plaintiff filed these submissions while in BOP custody.

[2] A party's filing of a notice of appeal normally divests a district court of jurisdiction over an action. *See, e.g.*, *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). But a district court can deny a postjudgment motion while an appeal is pending. *See Selletti v. Carey*, 173 F.3d 104, 109 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to *deny* the motion [brought under Rule 59(a) and Rule 60(b)] during the pendency of an appeal.") (emphasis in original); *Toliver*, 957 F.2d at 49 (discussion in the context of a Rule 60(b) motion).

*Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)) (alteration in original, internal quotation marks omitted). A person seeking Rule 60(b)(6) relief must show both that his motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Thus, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court denies that relief.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court construes Plaintiff's submissions docketed as ECF Nos. 9 through 11 in *Williams*, No. 18-CV-5567 (CM), and in *Williams*, No. 18-CV-5970 (CM), as one motion seeking relief from the Court's December 21, 2018 order of dismissal and judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Court also directs the Clerk of Court to terminate ECF No. 9 in *Williams*, No. 18-CV-5567 (CM), and in *Williams*, No. 18-CV-5970 (CM).

The Court further directs the Clerk of Court to accept no further submissions from Plaintiff under these docket numbers, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court additionally directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    April 25, 2019
          New York, New York

COLLEEN McMAHON
Chief United States District Judge