UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS,

                Plaintiff,

-against-

PREET BHARARA (USAO), et al.,

                Defendants.

JOHN T. WILLIAMS,

                Plaintiff,

-against-

PREET BHARARA (USAO), et al.,

                Defendants.

1:18-CV-5567 (LLS)

1:18-CV-5970 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

By order and judgment dated December 21, 2018, the Court dismissed these *pro se* actions without prejudice because the Court recognized Plaintiff as barred, under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from bringing federal civil actions as a prisoner without prepayment of fees, that is, *in forma pauperis* ("IFP"). (ECF 4.) In making that determination, the Court relied on a previous determination of the United States District Court for the Northern District of Georgia that had recognized Plaintiff as barred under the PLRA. (*Id.* at 1-2 (citing *Williams v. Bank United*, No. 1:17-CV-1386 (N.D. Ga. May 4, 2017), *report & recommendation adopted*, (N.D. Ga. May 30, 2017))). Plaintiff appealed.

In a mandate dated March 20, 2020, the United States Court of Appeals for the Second Circuit vacated this Court's December 21, 2018 judgment. *Williams v. Bharara*, Nos. 19-247 (L),

19-248 (Con) (2d Cir. Mar. 20, 2020). The Court of Appeals held that "the cases identified as strikes by the Northern District of Georgia were dismissals partially for a § 1915(g) ground and partially for lack of jurisdiction and such 'mixed dismissals are not strikes under the PLRA' in this Circuit." *Id.* (quoting *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019) (per curiam)). The Court of Appeals remanded these actions to this Court for further proceedings, including "screening . . . the complaint[s] under 28 U.S.C. § 1915(e)(2)." *Id.*

The Court therefore vacates its December 21, 2018 order of dismissal and judgment. For the reasons discussed below, the Court (1) determines that Plaintiff is not barred under the PLRA from bringing these actions IFP, and (2) directs Plaintiff, within 30 days of the date of this order, to either pay the fees to bring each of these actions, or complete and submit an IFP application for each action.

## DISCUSSION

**A.   Plaintiff is not barred under the PLRA from proceeding with these actions IFP**

Plaintiff filed the complaints commencing both of these actions while he was incarcerated in the Federal Correctional Institution in Marianna, Florida.[1] Because of that, and his failure to pay the relevant fees to bring either action, the Court had to examine Plaintiff's previous cases to determine whether Plaintiff was permitted, under the PLRA, to proceed IFP as a prisoner.[2] The PLRA includes the following "three-strikes" provision:

---

[1] Plaintiff is no longer in custody.

[2]. Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). "[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'" *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) (citation omitted). And a prisoner's *pro se* civil complaint is deemed "filed" at the moment the prisoner delivers the complaint to prison authorities for mailing to the Court. *See, e.g.,*

2

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court, in its December 21, 2018 order, determined that Plaintiff was barred under this provision from bringing these actions because of a previous determination by the United States District Court for the Northern District of Georgia that he was barred under the PLRA. (ECF 4, at 1-2.) But in its March 20, 2020 mandate, the Court of Appeals held that "the cases identified as strikes by the Northern District of Georgia were dismissals partially for a § 1915(g) ground and partially for lack of jurisdiction and such 'mixed dismissals are not strikes under the PLRA' in this Circuit." *Williams*, Nos. 19-247 (L), 19-248 (Con) (citation omitted). Accordingly, the Court vacates its December 21, 2018 order and judgment.

The Court of Appeals has now made clear that a district court may not rely on another district court's determination that a plaintiff is barred under the PLRA; a district court instead must do its own "independent review" as to whether the plaintiff has accumulated three strikes. *Escalera*, 938 F.3d at 381-84 (where the district court relied on another district court's previous determination that the plaintiff had accrued five strikes, reversing and remanding after holding, based on the language of the dismissal orders themselves, that three of the dismissals should not have been counted as strikes).[3]

---

*Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005). Thus, while Plaintiff is no longer in custody, because he filed his complaints while he was incarcerated, he is considered a prisoner for the purposes of the PLRA.

[3] At least one other circuit has held instead that ordinary rules of issue preclusion apply to three-strikes determinations. *See Andrew v. Cervantes,* 493 F.3d 1047, 1057 n.11 (9th Cir. 2006) ("[N]ormal preclusion principles will prevent a prisoner from avoiding the three-strike rule

3

The Court has therefore conducted its own independent review and determined that at the time that Plaintiff submitted these actions' complaints to his prison's mail system for their delivery to the Court, he had not accumulated three strikes. Thus, he is not barred under the PLRA from proceeding with these actions IFP as a prisoner.[4]

**B.    Plaintiff must either pay the relevant fees or file IFP applications**

To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees (IFP), complete and submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff did not pay the fees or submit an IFP application for either of these actions. Accordingly, within 30 days of the date of this order, Plaintiff must either pay the fees ($400 for one action, and $400 for the other action, totaling $800), or complete and submit two IFP applications (one for each action, an application form is attached). If Plaintiff submits the IFP applications, one should be labeled with docket number 1:18-CV-5567, and the other should be labeled with docket number 1:18-CV-5970. If the Court grants the IFP applications, Plaintiff will be permitted to proceed without prepayment of fees in both actions. *See* § 1915(a)(1).

---

based on allegations rejected in an earlier case.").

[4] The Court notes that because of Plaintiff's history of filing meritless actions, on June 4, 2020, this Court directed Plaintiff to show cause, within 30 days, why the Court should not bar Plaintiff from filing any future civil action IFP without leave of court. *Williams, Scott & Assocs., LLC v. United States*, ECF 1:20-CV-3101, 3 (S.D.N.Y. June 4, 2020). Should the Court bar Plaintiff, that filing bar will apply prospectively and regardless of whether Plaintiff is a prisoner at the time of filing a future civil action. Thus, it will not apply to the present actions.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at his address of record, and at the following address: 815 Miley Parkway, Apt. 403, Sparks, Nevada 89436. The Clerk of Court must note service on the docket.

The Court vacates its December 21, 2018 order of dismissal and judgment with respect to both of these actions. (ECF 4 & 5.) No summons shall issue at this time.

The Court directs Plaintiff to either pay the relevant fees to bring each of these actions, or complete and submit an IFP application for each of these actions, within 30 days of the date of this order. If Plaintiff complies with this order, these actions shall be processed in accordance with the procedures of the Clerk's Office. But if he fails to comply with this order within the time allowed, the Court will dismiss the action in which he has not complied.

SO ORDERED.

Dated:   June 23, 2020
         New York, New York

                                                      _____Louis L. Stanton_____
                                                              Louis L. Stanton
                                                                  U.S.D.J.