UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS, SCOTT & ASSOCIATES LLC;
JOHN T. WILLIAMS; LEGACY PAYMENT
SYSTEM LLC, WSA LLC, STERLING, ROSS &
ASSOCIATES LLC, SUPREME IMPORTS LLC,
WSA WILLIAMS SCOTT AND ASSOCIATES,

Plaintiffs,

-against-

PREET BHARARA (USAG), et al.,

Defendants.

1:18-CV-5567 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff John T. Williams, who appears *pro se*, filed this action while he was incarcerated in the Federal Correctional Institution in Marianna, Florida ("FCI Mariana"). He is no longer in custody. On February 20, 2019, Plaintiff filed an amended complaint (ECF 11), which is the operative pleading. *See Dluhos v. The Floating and Abandoned Vessel, known as New York*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (internal quotation marks and citation omitted).

Plaintiff – on his own behalf and on behalf of his businesses, which are the other named plaintiffs[1] – asserts claims under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 2 and 1001, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as claims under state law, seeking damages, injunctive relief, and the criminal

---

[1] The Court will refer to Williams as the sole plaintiff.

prosecution of at least some of the defendants. He sues federal officials, private attorneys, and a court-appointed receiver.

By order dated September 22, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.[2] *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

---

[2] For the purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h). Because Plaintiff filed his original complaint while he was incarcerated in FCI Marianna, he is considered a prisoner under the PLRA. *See Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the [PLRA's] restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted).

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

On or about January 15, 2019, Plaintiff, who was then a prisoner, mailed for its delivery to this court the original complaint that commenced *Williams, Scott & Assocs., LLC v. United States*, 1:19-CV-0837 (S.D.N.Y.) ("*Williams II*").[3] In that action, Plaintiff asserted claims that

---

[3] In an order and judgment dated December 21, 2018, Chief Judge Colleen McMahon dismissed the present action without prejudice, holding that Plaintiff had accrued "three strikes" under the PLRA, 28 U.S.C. § 1915(g), and was therefore barred from filing federal civil actions IFP as a prisoner unless he was under imminent danger of serious physical injury. (ECF 4 & 5.) The court received Plaintiff's notice of appeal on January 16, 2019. (ECF 8.) On March 20, 2020, the Second Circuit held that Chief Judge McMahon had erred in concluding that Plaintiff had accrued "three strikes," for the purpose of the PLRA's filing bar provision; the Second Circuit vacated the dismissal, and remanded the matter for further proceedings, including screening under 28 U.S.C. § 1915(e)(2). *Williams v. Bharara*, Nos. 19-247(L), 19-248 (2d Cir. Mar. 20, 2020). Upon remand, the present action was reassigned to the undersigned. By order dated June 23, 2020, the Court vacated the previous dismissal of the present action, and

are similar or identical to those that he asserts in the present action. Moreover, all of the individual defendants named as defendants in *Williams II*, are also named as defendants in this action. (*See Williams II*, ECF 1:19-CV-0837, 8 (amended complaint)).[4]

In an order dated July 3, 2019, Chief Judge McMahon dismissed the claims in *Williams II* for failure to state a claim on which relief may be granted, but dismissed those claims arising in Georgia without prejudice to any action Plaintiff may file in the United States District Court for the Northern District of Georgia. (*Id.* ECF 1:19-CV-0837, 16.) The Court hereafter borrows from Chief Judge McMahon's summary, in her July 3, 2019 order, of Plaintiff's relevant litigation history in the Northern District of Georgia and in this court.

### A.     The FTC case and the criminal case

In 2014, the Federal Trade Commission ("FTC") brought a civil action in the Northern District of Georgia against Plaintiff, Chris Lenyszyn, and two businesses (Williams, Scott & Associates, LLC, and WSA, LLC) for debt-collection activity that allegedly violated the Federal Trade Commission Act and the Fair Debt Collection Practices Act ("FDCPA"). *See FTC v. Lenyszyn*, No. 14-CV-1599 (N.D. Ga.) (filed May 27, 2014) (the "FTC case").[5] The Northern

---

determined that Plaintiff was not barred under the PLRA from proceeding with the present action IFP as a prisoner. (ECF 16, at 2-4.)

[4] In addition to the United States of America, Plaintiff named the following individuals as defendants in *Williams II*, 1:19-CV-0837 (S.D.N.Y.): (1) Preet Bharara, (2) George Venizelos, (3) Richard Zabel, (4) Nicole Friedlander, (5) Sam Olens, (6) Sally Yates, (7) Richard Frankel, (8) James Comey, (9) Darren Kible, (10) Edith Ramirez, (11) Valerie Verduse, (12) Jessica Rich, (13) Jonathan Nuechterlein, (14) William Effren, (15) Deborah Marrone, (16) Catherine Wolfe, (17) Ruby Karjick, (18) James Hatten, (19) Michael Fuqua, (20) Jennifer D. Odom, (21) Danielle C. Parrington, (22) Michael S. Lewis, (23) Frank Franklin, (24) Robin Rock, (25) Marcela Mateo, (26) Jill Jefferies, (27) Joseph D. Stites, (28) Patrick Carrol, (29) Kurt Dirker, (30) Timothy Brody, (31) Brian Comisky, (32) Kevin Song, (33) Jonathan Cohen, (34) Benet Kearney, (35) Richard Tarlowe, (36) Sarah Paul, (37) Jennifer Gachiri, (38) Daniel Tehrani, (39) Jeffrey A. Brown, and (40) Laura D. Pfister.

[5] In the FTC case, the Northern District of Georgia entered a default judgment against Plaintiff and denied his motion to vacate that judgment. *See Lenyszyn*, No. 14-CV-1599 (N.D.

4

District of Georgia appointed a receiver, and issued an injunction that authorized the receiver to take control over Plaintiff's businesses and assets.

Plaintiff and Williams, Scott, and Associates, LLC, were indicted in this court on charges of conspiracy to commit wire fraud arising out of debt-collection activity occurring within this judicial district.[6] (*See United States v. Williams*, ECF 1:14-CR-0784-2, 3, 40.) Defense counsel moved to dismiss the indictment on a number of grounds, and also moved to suppress evidence on the ground that the affidavit in support of the search warrant "contained a hodge-podge of intentionally false statements, as well as intentionally or recklessly misleading omissions. Absent this false and misleading information, the warrant cannot support a finding of probable cause. The ensuing search was therefore unlawful."[7] (*Id.* ECF 1:14-CR-0784, 128, at 6.)

Judge Analisa Torres, who initially presided over the criminal case, denied the suppression motion on June 6, 2016, and the matter was reassigned to Judge Richard J. Sullivan on June 28, 2016. (*Id.* ECF 1:14-CR-0784, 173.) A jury found Plaintiff guilty on July 12, 2016, and he was sentenced to five years in prison and three years of postrelease supervision, credited with time served, and ordered to pay restitution. (*Id.* ECF 1:14-CR-0784, 215, 217.) The Second

---

Ga. Apr. 2, 2015; Mar. 21, 2018) (ECF 101, 167), *appeal dismissed*, No. 18-11554-A (11th Cir. Nov. 2, 2018), *reconsideration denied*, (11th Cir. May 29, 2019) (holding that Plaintiff "has offered no meritorious arguments to warrant relief").

[6] Plaintiff's custody was transferred from the Northern District of Georgia to this judicial district in December 2014. *See United States v. Williams*, No. 14-MJ-1037 (N.D. Ga. Dec. 2, 2014) (ECF 33.)

[7] In a subsequent submission, defense counsel argued that FBI Agent Timothy Brody misled the magistrate judge in the Northern District of Georgia by presenting "misrepresentations of fact involving the debt collection business and, excluding those false facts, the judge did not have probable cause to issue a search warrant." (*Williams*, ECF 1:14-CR-0784, 163, at 3.) The allegedly false facts included that "the debt collected by WSA was fraudulent or fictitious." (*Id.*)

Circuit affirmed Plaintiff's conviction. *See United States v. Williams*, 736 F. App'x 267 (2d Cir. 2018) (summary order), *cert. denied*, 139 S. Ct. 1283 (2019).[8]

**B.     The present action**

Plaintiff's original complaint for the present action was received on June 19, 2018. Plaintiff's amended complaint was received on February 20, 2019, and names 40 defendants, including employees of the FTC, the FBI, the U.S. Attorney's Office, and this court's probation department; the Clerks of Court of the Second Circuit, this court, and the Northern District of Georgia; as well as the court-appointed receiver in the FTC case and attorneys employed by the law firm representing the receiver.[9] The gravamen of Plaintiff's amended complaint is that the defendants, motivated by racial animus, conspired to violate Plaintiff's constitutional rights.

The following is a summary of Plaintiff's allegations: In the summer of 2012, FBI Agent Timothy Brody came to Plaintiff's home brandishing a firearm. Brody told Plaintiff that "they

---

[8] The Second Circuit held that: (1) the fact that Plaintiff was both criminally prosecuted and the subject of the FTC civil action did not violate double jeopardy; (2) the record belied Plaintiff's claim that his arrest had not been supported by probable cause or a valid warrant; (3) venue for Plaintiff's conviction was proper in this court; (4) Plaintiff's 19-month pretrial detention did not violate due process; (5) jury instructions did not constructively amend the indictment; (6) Plaintiff's sentence was not procedurally unreasonable, and he failed to show that he was similarly situated to his co-defendants for the purpose of raising a sentencing-disparity claim; (7) counsel was not ineffective; and (8) the claims in Plaintiff's *pro se* supplemental brief lacked merit. *Williams*, 736 F. App'x 267.

[9] The defendants named in the amended complaint for the present action are: (1) Preet Bharara; (2) George Venizelos; (3) Richard Zabel; (4) Nicole Friedlander; (5) Sam Olens; (6) Sally Yates; (7) Richard Frankel; (8) James Comey; (9) Darren Kible; (10) Edith Ramirez; (11) Valerie Verduse; (12) Jessica Rich; (13) Jonathan Nuechterlein; (14) William Effren; (15) Deborah Marrone; (16) Catherine Wolfe; (17) Ruby Karjick; (18) James Hatten; (19) Michael Fuqua; (20) Jennifer D. Odom; (21) Danielle C. Parrington; (22) Michael S. Lewis; (23) Frank Franklin; (24) Robin Rock; (25) Marcela Mateo; (26) Jill Jeffries; (27) Joseph D. Stites; (28) Patrick Carrol; (29) Kurt Dirker; (30) Timothy Brody; (31) Brian Comisky; (32) Kevin Song; (33) Jonathan Cohen; (34) Benet Kearney; (35) Richard Tarlowe; (36) Sarah Paul; (37) Jennifer Gachiri; (38) Daniel Tehrani; (39) Jeffrey A. Brown; and (40) Laura D. Pfister. (ECF 11, at 3-11.) Plaintiff sues these individual defendants in their official and individual capacities. (*Id*. at 2-11.)

had been by his office and heard through the door how his employees were talking to their customers." (ECF 11, at 11.) Plaintiff asserts that:

> this matter was something to be handled by the civil courts, so if the customers wanted to sue they had every right to under the FDCPA. The plaintiff then told the FBI to leave his property, this incident started an illegal investigation into the plaintiff's personal life.

(*Id.* at 12.)

On May 28, 2014, the FBI raided Plaintiff's office at Williams, Scott & Associates, LLC. A federal district judge in Georgia granted the FTC an injunction authorizing a court-appointed receiver (Fuqua), and the law firm representing him (Bryan Cave LLP) to seize Plaintiff's businesses and funds without giving Plaintiff an opportunity to respond. (*Id.*) The FTC "created and manipulated false documents in order" to seize $25,000 from "WSA Williams, Scott & Associates LLC," a business to which the injunction did not apply. (*Id.* at 12-13) According to Plaintiff, the FBI raided Williams, Scott & Associates, LLC, "using an unauthorized search warrant" from a miscellaneous federal case in Georgia,"14-MC-500." (*Id.* at 12.) He was not arrested until November 18, 2014.

After the "defendant Supervisors" learned that Plaintiff had "exercised his constitutional" right to open "a few new businesses," they conspired to manufacture a criminal case against him, and they arrested Plaintiff on November 18, 2014, without reasonable suspicion or probable cause "at 5:00 a.m. with a marshals [sic] knee in his back as if he were a slave." (*Id.* at 13.)

The FBI conspired with the FTC "by simultaneously attacking him causing confusion, illegally searching and seizing his property with a fake search warrant so he couldn't retain adequate counsel, then manufacturing a criminal and civil case against him." (*Id.* at 12.)

Plaintiff asserts that his signature was forged on an injunction-related document that was filed in the FTC case. (*Id.* at 13.)

Plaintiff invokes the Court's federal-question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332, 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 2 and 1001, and *Bivens*. (*Id.* at 1, 3.) He asserts that the defendants violated his rights, and conspired to violate his rights, under the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments. Plaintiff asserts claims of:

> false arrest and imprisonment, malicious prosecution, loss of liberty, malicious abuse of process, denial of the right to a fair trial, failure to intervene/intercede, supervisory liability, respondeat superior, tangible property, stigma plus, reputational and business harm, intentional infliction of emotional distress, negligent infliction of emotional distress, IIED NIED, equal protection clause class of one, procedural due process and substantive due process violations, fourth, fifth, sixth, seventh, eighth and fourteenth amendment violations, fraud and false statements by the government in violation 18 U.S.C. C1001,2.

(*Id.* at 21-22.) In addition, Plaintiff alleges that the defendants "showed complete racism and prejudice against [him] by treating his company different from all other companies that had the same allegations . . . because [he] is black and of a different class . . . . (*Id.* at 20.)

## DISCUSSION

Plaintiff asserts claims in this action that are similar or identical to those he has asserted in other actions – most recently, in *Williams II*. By order dated July 3, 2019, Chief Judge McMahon dismissed Plaintiff's claims in *Williams II*. (*See* 1:19-CV-0837, 16.). Plaintiff may not now relitigate those claims in the present action.

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). It applies when "(i) an . . . action resulted in an adjudication on the merits; (ii) that . . . action involved the same counterparty [as the present action] or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in th[e] [already adjudicated] action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *rev'd on other grounds*, 140 S. Ct. 1589

8

(2020). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

"When two lawsuits are pending simultaneously in different courts, preclusive effect is given to the judgment that is entered first, regardless of the sequence in which the suits were filed." *Greer v. Cnty. of Cook, Ill.*, 54 F. App'x 232, 235 (7th Cir. 2002) (unpublished order); *see Chicago, R.I. & P. Ry. Co. v. Schendel*, 270 U.S. 611, 616-17 (1926) ("[I]rrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata."); *Williams v. Ward*, 556 F.2d 1143, 1154 (2d Cir. 1977) ("[I]t is clear that even though the Southern District action was filed before the Eastern District action, when the latter proceeded to final judgment first it became a bar to the former if the underlying claims are the same.").

To determine if a claim could have been raised in a previously adjudicated action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the previously adjudicated action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). And "a dismissal for failure to state a claim operates as a final judgment on the merits and thus has res judicata effects." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense that normally must be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may raise the doctrine on its own initiative, *see Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017) ("[C]ourts may consider certain affirmative defenses, such as . . . claim preclusion, *sua sponte*.").

The elements of claim preclusion are satisfied here. Plaintiff's claims in the present action arise out of two sets of events: (1) the FTC case in the Northern District of Georgia, and (2) the criminal prosecution against him. Plaintiff has brought claims arising out of the FTC case in two actions in the Northern District of Georgia – *Williams v. Orion Payment Sys.*, 1:16-CV-0984 (N.D. Ga.), and *Williams v. Fuqua*, 1:16-CV-0986 (N.D. Ga.) – and in an action in this court, *Williams II*, 1:19-CV-0837. Those actions were adjudicated on the merits: Plaintiff's federal claims were dismissed for failure to state a claim on which relief may be granted. (*Williams II*, ECF 1:19-CV-0837, 16 (S.D.N.Y. July 3, 2019) (dismissing federal claims for failure to state a claim); *Williams*, 1:16-CV-0986 (N.D. Ga. Dec. 5, 2016) (ECF 13), *report & recommendation adopted*, (N.D. Ga. Jan. 24, 2017) (ECF 17) (same); *Williams*, 1:16-CV-0984 (N.D. Ga. Dec. 1, 2016) (ECF 13), *report & recommendation adopted*, (N.D. Ga. Jan. 23, 2017) (ECF 17) (same). Each of those actions involved the same defendants that Plaintiff sues here. Plaintiff's claims here arise out of the same events – the actions underlying the FTC case – and were or could have been raised in those previously adjudicated actions. Plaintiff is therefore precluded from relitigating those federal claims in the present action.

Plaintiff has also already litigated claims arising out of the criminal prosecution against him. By order dated July 3, 2019, Chief Judge McMahon dismissed those claims for failure to state a claim. (*Williams II,* ECF 1:19-CV-0837, 16, at 11-13, 17.) Again, the individual defendants Plaintiff sues here are identical to those he sued in *Williams II*, 1:19-CV-0837. He is therefore also precluded from relitigating those claims in the present action.

The Court therefore dismisses Plaintiff's claims for failure to state a claim on which relief may be granted, under the doctrine of claim preclusion. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's

IFP action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." (citing *Leveto v. Lapina,* 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face."))); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.").

To the extent that any of the claims Plaintiff reasserts in the present action were not dismissed on the merits in his previously adjudicated actions, they are dismissed here for the same reasons that they were dismissed in those actions.

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file a second amended complaint.

## FILING BAR

By order dated July 30, 2020, the Court issued an order barring Plaintiff from filing any future civil action in this court IFP without first obtaining leave to file. (*Williams v. United States*, ECF 1:20-CV-3101, 5 (S.D.N.Y. July 30, 2020), *appeal dismissed*, No. 20-3138 (2d Cir. Oct. 22, 2020) (dismissal effective Nov. 12, 2020)). Although Plaintiff initiated the present

action before that order was issued, and the filing bar therefore does not apply to the present action, the Court finds that the present action is not a departure from Plaintiff's pattern of filing frivolous or otherwise meritless actions and reminds Plaintiff that the filing bar remains in effect.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted, under the doctrine of claim preclusion. 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that any of the claims that Plaintiff reasserts in the present action were not dismissed on the merits in his previously adjudicated actions, they are dismissed here for the same reasons that they were dismissed in the previously adjudicated actions.

SO ORDERED.

Dated: February 8, 2021
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.